## MARTIN V. PRATT *vs.* STEPHEN PRATT.

### August 24, 1875.

**Promissory Note assigned to Next of Kin of Deceased Holder—Who may Sue on it.**—On the final settlement and distribution of an intestate's estate the residue, including a note given by defendant to the deceased, was assigned to the next of kin, of whom plaintiff was one, by a decree of a probate court, specifying the proportion to which each was entitled—that of the plaintiff being one-sixth part. Defendant settled separately with each of the other parties for his interest, and procured a discharge therefrom, leaving plaintiff's interest or share alone unpaid. Plaintiff brings this suit on the note for such balance. *Held,* that the demand evidenced by the note became severed by the action and consent of all the parties, and that plaintiff can properly maintain an action on the note to recover his interest.

Action on a promissory note by one of the next of kin of the payee against the maker. A demurrer to the complaint was overruled by the district court for Hennepin county, *Vanderburgh,* J., presiding, and defendant appealed.

*Lochren, McNair & Gilfillan,* for appellant.

*Hauser & Robinson,* for respondent.

CORNELL, J. The question involved in this case arises upon a demurrer to the complaint, which admits the facts as therein stated. Upon the final settlement and distribution of the intestate's estate, by the decree of the probate court assigning the residue to the proper persons, and specifying the proportion and part to which each was entitled, the note in question, not then matured, was assigned —one-sixth part thereof to the plaintiff, and the rest to the other next of kin, according to their respective interests. After this, defendant, upon the basis of such decree, settled separately with each of the parties interested, except the plaintiff, and obtained from each a separate discharge from all liability as to his part or share of the note, leaving the plaintiff's share or interest therein alone unsettled.

The contract, upon its face, did not import an obligation to pay the debt to two or more jointly. It only became such by operation of law, and the parties succeeding to the

ownership of the note, by reason thereof, sustained no such relation to each other as gave to either the right of power to do any act in reference thereto prejudicial to the respective interests of the others. But it is admitted that the exercise of no such right or power was attempted or intended by any of the several distributees of the note with whom settlements were made. Defendant only settled with each for his interest, as to which alone he obtained a discharge. Such his separate settlement and dealings with the parties, who had become jointly interested in the note, operated as a severance, by their consent, of their respective interests, and effectually destroyed the joint character of the obligation, which had been created by operation of law. The unpaid portion of the demand evidenced by the note belongs exclusively to the plaintiff, and, being the sole party in interest, he is the only proper party to maintain the action.

Order affirmed.